UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| HELENE OLBINSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>vs.<br><br>NCB MANAGEMENT SERVICES, INC.,<br><br>        Defendant. | Case No.: 17-cv-308<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Helene Olbinski is an individual who resides in Oak Creek, Milwaukee County, Wisconsin.

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant NCB Management Services, Inc. ("NCB") is a debt collection agency with its principal offices at One Allied Drive, Trevose, PA 19053.

6. NCB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. NCB is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. NCB is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or around July 28, 2016, NCB mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Bank of America, N.A." ("BoA"). A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt identified in Exhibit A was a personal credit card account used only for personal, family or household purposes.

10. Plaintiff did not open or use the credit card account for any business purpose.

11. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

12. Upon information and belief, Exhibit A is a form debt collection letter used by NCB to attempt to collect alleged debts.

13. Exhibit A contains the following text

> In the past you have received notice regarding your delinquent account.
>
> We have not received your response or promise to make satisfactory arrangements in order to resolve this account.
>
> Your non-compliance may result in this office recommending to our client that they proceed with such action as they deem appropriate.

Exhibit A.

2

14. The above language is false, misleading and confusing to the unsophisticated consumer.

15. The unsophisticated consumer would interpret the above language as a threat that BoA would take some action beyond "normal" debt collection activities – sending letters in the mail and placing telephone calls, be it sending agents to Plaintiff's door or referring the account to an attorney for a lawsuit.

16. The unsophisticated consumer would likely interpret NCB's letter as a threat of legal action, as the FDCPA, state law and criminal law broadly prohibit many methods of debt collection that are more coercive than letter and telephone communication, other than legal action. For example, NCB could not legally send agents to Plaintiff's door because NCB is an out-of-state debt collection agency and does not hold a Wisconsin Collection Agency License. *See* Wis. Stat. § 218.04(2)(b).

17. Despite the threatening language in the letter, upon information and belief, NCB does not recommend to BoA "that they proceed with such action as they deem appropriate" or any particular action. Exhibit A.

18. Upon information and belief, NCB has no input in, or inside information into, BoA's business practices with respect to delinquent accounts.

19. Exhibit A implies that BoA will commence a course of action against the unsophisticated consumer shortly unless the unsophisticated consumer establishes a payment arrangement with NCB.

20. Upon information and belief, BoA's decision of how to collect consumers' accounts is generally made by BoA without consideration of NCB's input.

21. The statement that NCB will recommend to BoA "that they proceed with such action as they deem appropriate" because NCB has not "received your response or promise to make satisfactory arrangements to resolve this account" implies that that Plaintiff can avoid such an action only if a repayment plan is established with NCB. Together, the statements falsely indicate to the unsophisticated consumer that litigation or other actions beyond letters and telephone calls are imminent.

22. The sole purpose of the threat that NCB will recommend to BoA "that they proceed with such action as they deem appropriate" is to deceive the unsophisticated consumer into believing that their life will shortly be invaded to a greater extent, beyond letters and telephone calls, if they do not establish a payment plan with NCB, in order to unjustly scare the consumer into paying.

23. Plaintiff was confused by Exhibit A.

24. The unsophisticated consumer would be confused by Exhibit A.

25. Plaintiff had to spend time and money investigating Exhibit A.

26. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

27. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a

cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

28. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

29. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. 15 U.S.C. § 1692e(5) specifically prohibits: "The threat to take any action that cannot legally be taken or that is not intended to be taken."

31. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

32. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

33. Wis. Stat. § 427.104(1)(h) prohibits: "Engag[ing] in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

34. Wis. Stat. § 427.104(1)(L) prohibits: "Threaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I – FDCPA

35. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

36. Exhibit A threatens that NCB will recommend to BoA "that they proceed with such action as they deem appropriate" because NCB has not "received your response or promise to make satisfactory arrangements to resolve this account."

37. This implication is false and misleading, as no such action was forthcoming or contemplated at the time the letters were sent or at any time thereafter.

38. NCB has no input in, effect on, or inside information into, BoA's business practices with respect to delinquent accounts or otherwise.

39. Such statements violate 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

## COUNT II – WCA

40. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

41. Exhibit A threatens that NCB will recommend to BoA "that they proceed with such action as they deem appropriate" because NCB has not "received your response or promise

6

to make satisfactory arrangements to resolve this account," notwithstanding the fact that, upon information and belief, NCB had no intention of initiating such action.

42. Such conduct violates Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(L).

## CLASS ALLEGATIONS

43. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between March 2, 2016 and March 2, 2017, inclusive, (e) that was not returned by the postal service.

44. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

45. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. § 1692e, 1692e(5), 1692e(10), and 1692f, and Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(L).

46. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

47. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

48. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

49. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 2, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com